# Hill Wallack LLP
Attorneys at Law

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

Writer's Direct Dial: (609) 734-6318

January 24, 2022

**Via Email and First Class Mail**
Magistrate Judge Lois H. Goodman
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & Courthouse
402 East State Street, Room 2020
Trenton, NJ  08608

      Re:  **Casey Jurgelevicius, et al. v. Pine Tavern, Inc., et al.**
          Docket No.:  3:21-cv-1588

Dear Magistrate Judge Goodman:

    Please accept this correspondence as notification of settlement in the above-captioned matter for your review and approval.  Enclosed are copies of the settlement agreements to which the parties agreed and duly executed.  Please advise whether the Court requires a hearing on the matter.

    As a brief overview of this case, Plaintiff, Casey Jurgelevicius, on behalf of herself and others similarly situated, commenced this action by way of Complaint against all Defendants alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56A, *et seq.* and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4, *et seq.* (collectively "Wage and Hour Claims").

    The putative class in this matter consists of former Pine Tavern employees who worked as servers or bartenders.  The claims which the parties settled and now seek approval commenced during each individual's respective employment.  The litigation class is not certified.

Magistrate Judge Lois Goodman
January 13, 2022
Page 2

However, the undersigned counsel negotiated settlements of Wage and Hour Claims on behalf of Plaintiff as well as the following three (3) members of the prospective putative class: Emily Liefert, Karyssa Ellis, and John Carrano. The settlements were based on hours worked, specific role (*i.e.*, server or bartender), the actual wages paid to each individual, and the tip pooling arrangement. The settlement payments to each Plaintiff, exclusive of counsel fees and costs, are as follows:

      (1) Jurgelevicius – $12,098.49;

      (2) Liefert – $12,897.53;

      (3) Ellis – $1,379.33; and,

      (4) Carrano – $18,237.90.

The parties affirm that each settlement is fair and reasonable and resolves bona fide disputes over each individual's Wage and Hour Claims against Pine Tavern.

## **Legal Standard**

While the Third Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, District Courts have typically looked to the considerations set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). When employees bring a private action under the FLSA, and present to the District Court a proposed settlement, the District Court may enter a stipulated judgment if it determines that the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Lynn's Food, *supra*, 679 F.2d at 1354; Fritz v. Terminite, Inc., et al., 2020 WL 5015508 at 1-2 (D.N.J. August 25, 2020); Bredbenner v. Liberty Travel, Inc., 2011 WL 1344745 (D.N.J. Apr. 8, 2011). The settlement must further the implementation of the FLSA in the

Magistrate Judge Lois Goodman
January 13, 2022
Page 3

workplace as the FLSA itself is "remedial and humanitarian in purpose." Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597 (1944).

The District of New Jersey has historically utilized the Third Circuit's Girsh factors when determining the fairness of a proposed settlement. Beneli v. BCA Financial Service, Inc., 324 F.R.D. 89, 101-102 (D.N.J. 2018). The Girsh factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).

The next step the court takes in approving a settlement is determining whether the compromise resolves a bona fide dispute. Brumley v. Camin Cargo Control, Inc., *et al.*, 2012 WL 1019337 at 2 (D.N.J. March 26, 2012). The court must be reassured that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." Brumley, *supra*, 2012 WL 1019337 at 2 (*citing* Lynn's Food, *supra*, 679 F.2d at 1354). As explained below, these agreements satisfy all requirements for this Court to approve the settlements negotiated on behalf of each of the above-mentioned individuals.

Magistrate Judge Lois Goodman
January 13, 2022
Page 4

**Application**

The negotiated settlement agreements satisfy the prerequisites for approval of settlement and additionally further the goal of fairly and reasonably resolving bona fide wage and hour claims by providing appropriate recognition and compensation to each plaintiff for his/her hours worked and tips earned. The settlement agreements are fair and reasonable for the following reasons: (1) the agreements prevent lengthy and complex litigation; (2) the individuals who agreed to the settlement are satisfied with the agreement; (3) the litigation remains in the early stages in that the class needs to be certified and depositions will need to be taken; (4) Plaintiffs need to prove all elements (with accompanying damages) of each Wage and Hour Claim; (5) the risks of trial would be great as an extensive record would need to be developed in addition to expert reports and other documents;  (6) given the impact of covid-19 on the restaurant industry, Defendants may not have the ability to withstand a greater judgment; and, (7) the settlements are reasonable given they were calculated using each employee's specific hours, sales and pay and are adequate given the risks of litigation including the delays to obtain a trial due to the covid pandemic.   counsel for Plaintiffs respectfully requests this Court approve the negotiated settlement agreements  agreed upon on behalf of Casey Jurgelevicius, Emily Liefert, Karyssa Ellis, and John Carrano to resolve each individual's claims against Defendant Pine Tavern, Inc.

> Very truly yours,
> HILL WALLACK, LLP
>
> *Susan L. Swatski*
>
> Susan L. Swatski, Esq.

SLS/NES/an
Enc.
Cc:     David Tango, Esq.

{//Hw-WORLDOX/PRDOX/WDOX/DOCS/023453/00001/09489875; 1}