**WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE**

**THIS WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into by and between, on the one hand, John Carrano ("Carrano" or "Plaintiff") and, on the other hand, CLASG, Inc. d/b/a Pine Tavern (improperly pleaded as "Clags Inc." and/or "Pine Tavern, Inc.") ("Pine Tavern" or the "Company"), each individually referred to hereafter as a "Party" and collectively referred to hereafter as the "Parties." This Agreement is effective as of the date on which it is executed by the Parties (the "Effective Date").

**WHEREAS,** Casey Jurgelevicius filed a Complaint on behalf of herself and other similarly situated employees on February 1, 2021, captioned *Jurgelevicius v. Pine Tavern, Inc., et al.*, in the United States District Court, District of New Jersey, Case No. 3:21-cv-01588-LHG, against Pine Tavern, Luigi Bongiovi, and Giuseppe Bongiovi (collectively as, "Defendants"), alleging, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Law ("NJWPL") (collectively, the "Wage and Hour Claims") based on, *inter alia*, claims of failure to pay all wages due, improper taking of a tip credit, and unlawful taking or retaining Plaintiff's tips (the "Action"); and

**WHEREAS,** Carrano joined the Action as a plaintiff subsequent to the Action's commencement;

**WHEREAS**, Defendants filed an Answer to the Complaint on April 12, 2021, and deny all liability under any of Plaintiff's claims and assert a number of affirmative defenses;

**WHEREAS**, without any admission of liability, whether direct or indirect, or wrongdoing whatsoever, the Parties wish to resolve and settle any and all disputes and controversies between them relating to Carrano's employment with Pine Tavern for purposes of avoiding the time, uncertainties, and significant expense in further litigation;

**WHEREAS**, the Parties negotiated at arm's length and reached this Agreement in good faith, with full assistance and through consultation with counsel, and freely and voluntarily enter into this Agreement in exchange for the promises contained herein;

**WHEREAS**, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

**NOW, THEREFORE**, in consideration of the mutual obligations and undertakings of the Parties set forth in this Agreement, the Parties agree to settle the dispute between them as follows:

1. **CONSIDERATION.**

   a. **Settlement Amount.** Pine Tavern shall pay Carrano and his attorneys a total sum of $27,135.73, which reflects all monies allegedly owed to Carrano for the Wage and Hour Claims (the "Settlement Payment"), of which $18,237.90 will be apportioned to Carrano in satisfaction of his Wage and Hour Claims (the "Carrano

Payments") and $8,897.83 will be apportioned to Carrano's attorneys' fees and costs (the "Hill Wallack Payment").

b. **Components of the Settlement Payment.** The specific components of the Settlement Payment are as follows:

   i. **Carrano Payments.** The Carrano Payments shall be paid by or on behalf of Pine Tavern with two checks: the first will be made payable to "John Carrano" in the amount of $9,118.95 apportioned as payment for unpaid wages and benefits, which amount will be subject to applicable federal, state, and local withholding taxes ("Wage Portion"); and the second check will be made payable to "John Carrano" in the amount of $9,118.95, apportioned as payment for alleged damages other than wages or benefits ("Non-Wage Portion").

   ii. **Fee & Cost Payments.** The Hill Wallack Payment shall be paid by or on behalf of Pine Tavern with one check made payable to "Hill Wallack LLP". The Hill Wallack Payment consists of payment for reasonable attorneys' fees of $8,797.83 (the "Fee Payment") and reimbursement for reasonable and actual expenses incurred in furtherance of the Action of $100.00 (the "Cost Payment"). The Hill Wallack Payment represents attorneys' fees, costs, and expenses for services rendered on Plaintiff's behalf in connection with this Action, negotiations resulting in this Agreement, and acts performed in furtherance of this Agreement.

      1. In their Letter for Settlement Approval, Plaintiff's Counsel will ask the Court to approve the Hill Wallack Payment that is to be made from the Settlement Payment. This amount shall constitute full satisfaction of any claims for attorneys' fees or costs. Pine Tavern shall not object, oppose, or otherwise comment on Plaintiff's Counsel's application for fees and costs.

      2. Plaintiff's Counsel reserves the right to appeal any order issued by the Court regarding an award of attorneys' fees and costs if the award falls below that requested. Any money requested for attorneys' fees and costs that is not approved by the Court, or by an appellate court, if there is an appeal, shall become part of the Carrano Payments.

c. All three (3) checks comprising the Settlement Payment shall be delivered to Susan L. Swatski, Esq., Hill Wallack LLP, 21 Roszel Road, Princeton, New Jersey 08540.

d. Carrano shall provide Pine Tavern with an IRS Form W-4 and IRS Form W-9 for the Carrano Payments and Hill Wallack LLP shall provide Pine Tavern with an IRS Form W-9 for the Hill Wallack Payment.

    e.    Pine Tavern shall issue, or cause to be issued, to Carrano an IRS Form 1099 for the Non-Wage Portion of the Carrano Payments, and shall issue, or cause to be issued, to Hill Wallack LLP an IRS Form 1099 for the Hill Wallack Payment.

    f.    Pine Tavern shall issue, or cause to be issued, to Carrano an IRS Form W-2 for the Wage Portion of the Carrano Payment.

    g.    Carrano agrees that he is not entitled to any other compensation or benefits, including but not limited to vacation and paid time off, of any kind related to his work and employment with Pine Tavern, other than as described above.

    h.    Carrano agrees that he is not entitled to any further payment for attorneys' fees and costs.

**2. RELEASE.**

    a.    **Plaintiff.** Plaintiff, on behalf of himself and his heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, successors-in-interest, and assigns, in consideration of the sums and benefits described in Section 1 of this Agreement, hereby knowingly and voluntarily releases and covenants that he will dismiss the Action with prejudice against Defendants, and covenants not to sue Defendants, and their respective, direct or indirect, officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, board members, managers, supervisors, agents, predecessors, professional employer organizations, insurers, and counsel and their agents and employees, including, but not limited to, Luigi Bongiovi in his individual and official capacities, and Giuseppe Bongiovi in his individual and official capacities, (collectively, "Releasees") for any and all past and present matters, claims, demands, and causes of action, including but not limited to those for unpaid wages, unpaid tips, improper tip credits, unlawful taking or retention of tips, untimely wages, overtime wages, failure to furnish accurate wage statements, liquidated damages, penalties, attorneys' fees and costs, and interest under the FLSA, NJWHL, or NJWPL which Plaintiff has or might have, whether known or unknown, related to his work and employment with Pine Tavern. Plaintiff represents that he has no knowledge of any other presently unasserted claims against the Releasees. In the event that, for any reason, any claim, charge, complaint, suit, action, appeal, or other proceeding is filed or has already been filed by or on behalf of Carrano, he shall take all necessary steps to dismiss or withdraw same with prejudice, he shall not obtain or accept any recovery or relief therefrom, and he shall bear sole responsibility for Releasees' attorneys' fees and costs incurred in connection with obtaining the dismissal of said claims, charges, complaints, suits, actions, appeals or other proceedings. Notwithstanding the foregoing, this Agreement is not intended to interfere with Carrano's right to file a charge or cooperate with an investigation by a governmental agency, including but not limited to the Equal Employment Opportunity Commission ("EEOC"), or other similar governmental agencies or

bodies. However, to the extent permitted by applicable law, Carrano hereby acknowledges and agrees that he has waived any and all relief available (including without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and/or causes of action waived herein, and therefore agrees, to the extent permitted by applicable law, that he will not accept any award or settlement from any source or proceeding (including but not limited to any proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. This Release shall be binding upon and inure to the benefit of Plaintiff's heirs, executors, administrators, successors, and assigns.

2. **PAYMENT AND PAYMENT TIMING.** Pine Tavern agrees to pay the Settlement Payment within thirty (30) days of the Court approving the Agreement.

3. **TAXATION AND NO TAX ADVICE.** Carrano shall assume the responsibility of remitting to the IRS and any other relevant taxing authorities any and all amounts that are required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement, without any contribution whatsoever from Pine Tavern. Plaintiff shall indemnify Pine Tavern for any tax liability they may face because of Plaintiff's failure to properly report to the IRS and any other relevant taxing authorities any and all amounts that are required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement. Nothing in this Agreement shall be construed as Releasees providing any advice regarding the reporting or payment of taxes or the tax consequences of Carrano's participation in any portion of this Agreement.

4. **NO ADMISSION OF LIABILITY.** Nothing contained in this Agreement, or in any document that may be executed in connection herewith, is intended to be or shall be deemed, construed, or treated in any respect as an admission of any fault, wrongdoing, or liability, whether direct or indirect, on the part of any of the Releasees. Releasees completely deny that they are responsible or legally obligated for any claims or that they have engaged in any wrongdoing.

5. **VOLUNTARY AGREEMENT.** The Parties represent and warrant that they enter into this Agreement voluntarily, of their own free will, without any pressure or coercion from any person or entity.

6. **ADVICE OF COUNSEL.** The Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. The Parties hereby represent that each has consulted their attorney(s) about the Agreement before signing it. The Parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, and that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

7. **SCOPE OF AGREEMENT.** This Agreement constitutes the entire agreement and understanding of the Parties regarding the matters discussed in this Agreement and supersedes all prior oral and written agreements or understandings related to the terms of this Agreement. The Parties reserve their rights as to all matters not specifically covered by this Agreement. The terms of this Agreement may not be modified except by a writing signed by all Parties. The Parties request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Agreement.

8. **GOVERNING LAW.** This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New Jersey.

9. **INTERPRETATION OF AGREEMENT.** The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the Party who prepared the Agreement as all Parties have fully participated in the preparation of all provisions of this Agreement.

10. **PARAGRAPH HEADINGS.** Paragraph headings contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

11. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in multiple originals, each of which shall be considered as an original instrument, but all of which together shall constitute one Agreement, and shall be binding upon the Parties. A photocopy, facsimile, or electronic version of the original documents will have the same force and effect as the original.

12. **SEVERABILITY.** Each provision of this Agreement is severable and, if any term or provision is held to be invalid, void, or unenforceable by a court of competent jurisdiction or by an administrative agency for any reason whatsoever, such ruling shall not affect the validity of the remainder of this Agreement.

13. **BREACH OF AGREEMENT; CURE.** Should Pine Tavern fail to deliver any of the above payments as described in Section 1 of this Agreement according to the schedule set out in Section 2 of this Agreement, Plaintiff's counsel shall notify Pine Tavern's counsel in writing via email to David A. Tango at David.Tango@lewisbrisbois.com. Pine Tavern will then be afforded five (5) calendar days following the date Plaintiff's attorney provided notice via e-mail to cure their breach by delivering any amounts due and owing to Plaintiff's attorney at the address listed above. Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued in any court of competent jurisdiction in the venue of Monmouth County, New Jersey. The United States District Court for the District of New Jersey shall retain jurisdiction to enforce the settlement of the parties and the prior orders in this case.

14. **CONFLICT OF LAWS**. The Parties agree that the laws of the State of New Jersey shall apply, without regard to conflict of laws principles.

**WHEREFORE**, the Parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

**John Carrano**

Signature: _[signed]_

Date: 11/30/21

**CLASG, Inc.**

Signature: _Stefano Bongi[ovi]_

Printed Name: Stefano Bongiovi

Date: 01-04-2022